United States District Court
Southern District of Texas

**ENTERED**

May 04, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CARMON GADDIE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-993** |
| | § | |
| **ARROW TRUCK SALES, INC.,** *et* | § | |
| *al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is *pro se* Plaintiff Carmon Gaddie's Emergency Motion to Suspend Vehicle Payments (ECF No. 26). The instant motion is similar to Plaintiff's previously filed Emergency Motion (ECF No. 3). In both instances, Plaintiff requests the Court order Transport Funding, LLC to suspend all loan payments and prohibit repossession of Plaintiff's truck during litigation. (ECF No. 26 at 2; *see* ECF No. 3 at 3). The District Judge construed Plaintiff's first Emergency Motion as a motion for temporary injunction without notice to Defendants. (ECF No. 7 at 1–2). The District Judge denied Plaintiff's first Emergency Motion for (1) failing to comply with the threshold requirements of Federal Rule of Civil Procedure 65(b)(1) and (2) making no

---

[1] This motion was referred to the Undersigned pursuant to 28 U.S.C. § 636(b)(1). (ECF No. 27).

showing that he fulfilled the prerequisite requirements in order to file a Clear Air Act case as a private citizen. (*Id.* at 2).

As of the date of Plaintiff's instant Emergency Motion (ECF No. 26), Defendants have each filed answers in the case. (*See* ECF Nos. 23–25). As such, the Court construes Plaintiff's instant Emergency Motion (ECF No. 26) as a motion for temporary injunction. The four elements a plaintiff must establish to secure emergency injunctive relief are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the court does not grant the requested relief; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) the grant of injunctive relief will not disserve the public interest. *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572–73 (5th Cir. 1974). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

As noted by the District Judge (ECF No. 7 at 1), Plaintiff filed this case as a Clean Air Act case under 42 U.S.C. § 7401 *et seq.* (*See* ECF No. 22 at 1). However, Plaintiff still has not made a showing that he has fulfilled the prerequisite requirements in order to file a Clear Air Act case as a private citizen. *See* 42 U.S.C. § 7604(b). The statute forbids a citizen such as Plaintiff

2

from commencing an action "prior to 60 days after the plaintiff has given notice of the violation (i) to the Administrator [of the United States Environmental Protection Agency], (ii) to the State in which the violation occurs, and (iii) to any alleged violator of the standard, limitation, or order."   42 U.S.C. § 7604(b)(1)(A).

Here, Plaintiff has neither alleged nor shown his compliance with the law that would permit him to file a Clear Air Act case.  As such, Plaintiff has failed to show a substantial likelihood of success on the merits.  *See Louisiana v. Horseracing Integrity & Safety Auth. Inc.*, 617 F. Supp. 3d 478, 494 (W.D. La. 2022) ("If a claim does not [establish a substantial likelihood of success on the merits], it is unnecessary for a court to look any further.") (citing *Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624–25 (5th Cir. 2017)).

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Emergency Motion to Suspend Vehicle Payments (ECF No. 26) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on May 4, 2026.

Richard W. Bennett
United States Magistrate Judge